UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RASHEEN SMITH,                                          Civil Case No.:

        Plaintiff
                                                        **COMPLAINT**

-against-                                               **JURY TRIAL DEMANDED**


THE CITY OF NEW YORK, POLICE OFFICER DANIEL
ALEXIS, SHIELD NO. 161, POLICE OFFICER
FERNANDO AVALOS, SHIELD NO. 19429,
and POLICE OFFICERS JOHN DOES 1-5

        Defendants.
------------------------------------------------------------------------x

      Plaintiff Rasheen Smith, through his attorneys, Ofodile & Associates, complaining of the defendants, THE CITY OF NEW YORK, (hereinafter referred to as "the City"), POLICE OFFICER DANIEL ALEXIS, SHIELD NO. 161, POLICE OFFICER FERNANDO AVALOS, SHIELD NO. 19429, and POLICE OFFICERS JOHN DOES 1-5 (hereinafter also referred to as "individual Defendants" "Defendants' or "Officers") alleges as follows:

**NATURE OF ACTION**

    1.    This is an action for malicious prosecution, false arrest, use of excessive force, assault and battery against the City, and its agents POLICE OFFICER DANIEL ALEXIS, SHIELD NO. 161, POLICE OFFICER FERNANDO AVALOS, SHIELD NO. 19429, and POLICE OFFICERS JOHN DOES 1-5 in violation of Plaintiff's rights under the Fourth, and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983, and common law rights to be free from malicious prosecution, and deprivation of life and liberty. Defendants in violation of

1

Plaintiff's rights guaranteed under the constitution and common law caused him loss of freedom, humiliation, economic loss, emotional suffering and mental distress.

2. This is also an action to redress the pain, suffering and psychological injuries sustained by Plaintiff as a result of the assault and battery that he sustained in the hands of the Defendant Police Officers.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by Title 28 U.S.C. Section 1331, this being an action arising under the Constitution and the Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under the color of statute, ordinance, regulation, custom and usage, or rights, privileges, and immunities secured to Plaintiff by the Fourth, and Fourteenth Amendments to the Constitution and by 42 U.S.C. § 1983.

4. Supplemental jurisdiction is also conferred on the United States District Court by Title 28 U.S.C. section 1367 over those claims not arising under the Constitution and Federal Laws but are closely related to the claims arising under the constitution and Federal Laws that they form part of the same case and controversy.

5. Venue is proper in the Southern District of New York because the events complained about occurred in Bronx County, which is within the Southern District of New York.

## PARTIES

6. At all times relevant and material to this action, Plaintiff Rasheen Smith resided in Bronx County, New York, within the jurisdiction of this court.

7. At all times relevant and material to this action, Defendant City of New York ("the City"), was, and upon information and belief, still is a municipal corporation incorporated under

the laws of the State of New York.

8.  During all times relevant and material to this action, Defendants, POLICE OFFICER DANIEL ALEXIS, SHIELD NO. 161, POLICE OFFICER FERNANDO AVALOS, SHIELD NO. 1942, and POLICE OFFICERS JOHN DOES 1-5 were employed by Defendant City of New York through its Police Department.

9.  During all times relevant and material to this action, Defendant Police Officers were acting under the "color of law", and as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of Defendant Police Officers under the principal-agent, *respondeat superior* theories.

## FULFILMENT OF ADMINISTRATIVE PROCEDURES

10. Plaintiff filed a Notice of Claim in March 2017, within 90 days of the happening of the events complained of herein and, attended his 50-H Hearing on May 30, 2018, and this action is filed within one year and ninety days of the events complained of herein and he has therefore fulfilled all conditions precedent to proceed with his common law claims against the City of New York in accordance with State and City laws.

## MATERIAL FACTS

11. On January 15, 2017, at approximately 4:00 p.m., Rasheen Smith ("Mr. Smith or Plaintiff") had just returned from the store and discovered that he forgot the dip. As he was going back to the store, he observed some Police Officers surrounding and cursing a Hispanic man that lived on the 6th floor of his apartment complex who spoke no English and whom Mr. Smith believed did not understand English, for leaving his scooter on the sidewalk.

12. The Officers were across the street shouting loudly and saying to the man, among

other things: "Idiot!", "Are you a fucking idiot?" Mr. Smith was still in front of his building when he told them that the man did not speak any English.

13. One of the Officers stated to Mr. Smith after his comment: "You are the fucking idiot that dropped a complaint on us before!" The Officer made this comment while Mr. Smith was walking towards the store. After hearing the comment, Mr. Smith turned back and started walking back to his building after he observed that the Officers (who were about six or seven in number) had left the man, focused their attention on him and, were walking briskly towards him.

14. Mr. Smith, based on the history of harassment he received from the Officers from the Precinct knew that they would arrest/detain him for not having ID and therefore checked his pocket, realized that he had his ID and was comforted. Plaintiff Smith had a phone and turned on the recording.

15. The officers caught up with Mr. Smith when he was in front of a corner store close to his building and all surrounded him. The Officer that had no shield or badge asked Mr. Smith if he had an ID. Mr. Smith holding his ID in his hand asked the Officer if he had three forms of identification (what they sometimes required of him).

16. When Mr. Smith asked for ID, none of the Officers provided ID and each turned his head away from the camera. Mr. Smith asked them why they were harassing him but they stated that they were not harassing him.

17. As Mr. Smith walked towards his house, Defendants with the intention to create a reasonable apprehension of imminent harm to Mr. Smith approached him, and without his consent, made harmful contact with him when they grabbed him and pulled him back. Mr. Smith held the phone above his head at this time and when one Officer yelled: "Grab the phone!", he

threw the phone away from the officers. The Officers tripped and violently wrestled and slammed Plaintiff to the ground.

18. In violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure, the Police Officers used excessive force in the course of their arrest of Mr. Smith. He was slammed to the ground, was punched and kneed, his legs were spread in painful and unnatural manner and while they were beating and choking him, one Officer closed his mouth to prevent his cry outs from being heard.

19. As a result of the excessive force the Defendants subjected Plaintiff to, Plaintiff sustained a gash on his knee which required medical treatment and bandaging, a deep abrasion on his face, his leg was swollen and he was unable to walk properly for weeks, was unable to work for months, and he also had bruises all over his body from the beating he received and was in serious physical pain for weeks. While on the Boat (Rikers Island), because of the extent of his injuries and welts that covered his body, he was stripped and photographed so that Officers and/or inmates at Rikers Island would not be accused of causing those injuries.

20. In further violation of Mr. Smith's Fourth Amendment rights to be free from unreasonable seizure, the Police Officer Defendants while acting under the color of law falsely arrested him after beating and roughing him up, with no probable cause whatsoever, they left him at the Precinct all night saying that he must wait to see the Detective.

21. The Officers' search for Mr. Smith's phone was unsuccessful as a neighbor recovered it and kept it away from the Officers.

22. Mr. Smith was arrested at approximately 4:00 p.m. The same Officer that did not have ID saw Mr. Smith later at the exit of the Precinct and told Mr. Smith that he had ties to the

street and if Mr. Smith sued him, it would not be good for him. When Mr. Smith saw the Detective, the Detective advised him to move because it would not be safe for him to continue living at his then residence which was opposite the Precinct as the Officers seemed to have a beef with him.

23. Mr. Smith was later taken to Central Booking where he was for two days and after he went to see the Judge he was given bail in the approximate amount of $ 2, 500.00 and was remanded to Rikers Island and was at Rikers Island for additional 2 days before he was bailed out.

24. Mr. Smith continued to go to Court for additional two to three months. The Judge saw the video and after seeing the video, dismissed the case while advising Mr. Smith to sue the police.

25. On April 3, 2017, the charges against Mr. Smith arising out of the January 15, 2017, incident were dismissed and sealed on merits. Mr. Smith was charged with Assault in the 3rd degree, resisting arrest, harassment in the 2nd degree and disorderly conduct.

26. Mr. Smith lost his permanent construction job where he was making $18.00 an hour, six days a week, with a minimum of 2 hours of overtime each day (making a minimum of $198.00 Mondays to Fridays and $270.00 on Saturdays - all overtime - for a weekly total of $1,260.00), a job on a construction site that was just beginning and was expected to last for two years as a result of this arrest and prosecution.

27. Mr. Smith had to move as his life was threatened by the Officers and he was advised by a Detective familiar with them that it was in his best interest to move and he is incurring extra expenses in renting another house while being denied the company of his family as the moved caused the breakup of his family.

28. Plaintiff was robbed and stabbed in the new and less safe neighborhood he moved into and sustained very serious physical injuries that required a lengthy hospital admission and had to move again after and because he is making substantially less and had to move from his prior address as a result of Defendants's actions, Plaintiff has now become homeless and is suffering from the emotional and psychological trauma occasioned by same as well as from the physical inconvenience associated with homelessness.

29. As a result of the excessive force, false arrest, and the malicious prosecution that the Defendants subjected Plaintiff to, he was unemployed for more than 3 months, causing him lost income for that period of time of approximately $15,120.00, and has not been able to get any construction job that paid him more than $100.00 a day after he got other employments (none of which has been uninterrupted as his $18.00 an hour job would have been) and has so far sustained a minimum additional damages of $34,320.00 for the loss of his $18.00 an hour job, and will continue to sustain at least $110.00 in daily loss of income for the foreseeable future.

30. As the direct consequence and result of the acts of the defendants in falsely arresting the Plaintiff and subjecting him to malicious prosecution, Plaintiff was deprived of liberty for a substantial period of time, suffered severe physical, mental and emotional distress and was referred for counseling by his primary care physician who noticed the impact that this arrest and the physical assault had on Plaintiff's mental health, was unable to attend the duties of his employment, and sustained damages for loss of earnings during that period.

31. The individual Defendants acted in concert and with each other to subject Plaintiff to excessive force, falsely arrest him and maliciously prosecute him and each failed to stop the others and/or one another from violating Plaintiff's constitutional rights although each had the

opportunity and ability to do so and each of the individual Defendants are therefore liable to Plaintiff, jointly and severally, for failure to intervene, for all the damages sustained by Plaintiff herein as a result of the violation of his rights.

32. The actions of the individual Police Officer Defendants were deliberate, intentional, done with actual malice to punish Plaintiff for exercising his constitutional and civil rights of freedom of expression and the right to file complaints to remedy the violation of his civil rights and Plaintiff is entitled to substantial punitive damages against each of the individual Defendants to deter him, similarly situated Officer as well as other Officers from such wanton abuse of power/authority in the future.

## AS TO THE FIRST CAUSE OF ACTION

33. Mr. Smith repeats and re-alleges paragraphs 1 through 32 of this Complaint as if each paragraph is repeated and re-alleged verbatim herein.

34. In violation of Plaintiff's Fourth and Fourteenth Amendment Rights, Mr. Smith was subjected to malicious prosecution by being charged with various crimes even though the Officers knew that he did not commit any crimes and that there was no evidence to connect him to the manufactured crimes and there was no reasonable chance that Plaintiff would be successfully prosecuted for the said crimes and are therefore liable to the Plaintiff for all the damages he sustained as a result of the malicious prosecution.

## AS FOR THE SECOND CAUSE OF ACTION

35. Plaintiff repeats and re-alleges paragraphs 1 through 34 of this Complaint as if each paragraph is repeated and re-alleged verbatim herein.

36. In violation of Plaintiff's common law right to be free from malicious prosecution,

the individual Defendants subjected Plaintiff to malicious prosecution when they charged him with various crimes even though the Officers knew that he did not commit the alleged crimes and that there was no evidence to connect him to those crimes and there was no reasonable chance that Plaintiff would be successfully prosecuted for the said crimes and are therefore liable to the Plaintiff for all the damages sustained by him as a result of the said malicious prosecution.

## AS FOR THE THIRD CAUSE OF ACTION

37. Plaintiff repeats and re-alleges paragraphs 1 though 36 of this Complaint as if each paragraph is repeated and re-alleged verbatim herein.

38. Defendant City of New York is the employer of the individual Defendants who maliciously prosecuted Plaintiff by commencing criminal proceedings against him. The criminal proceedings were terminated in favor of the Plaintiff when the Judge dismissed the case on April 3, 2017 and sealed it on the merits while advising Mr. Smith to sue the Police.

39. Defendant Police Officers' actions were intentional, unwarranted, malicious and were motivated by actual malice which developed from Mr. Smith's prior complaint against the Police Officers from the Precinct and the City of New York is liable to Plaintiff under the common law for the actions of its employees committed in the ostensible course of their employment.

## AS TO THE FOURTH CAUSE OF ACTION

40. Plaintiff repeats and re-alleges paragraphs 1 through 39 of the Complaint as if each paragraph is repeated verbatim herein.

41. In violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure, the individual Defendants used excessive force in the course of their arrest of Mr. Smith.

He was slammed to the ground, was punched and kneed, his legs were spread in painful and unnatural manner and while they were beating and choking him, one Officer closed his mouth to prevent his cry outs from being heard.

42. As a result of the excessive force the Defendants subjected Plaintiff to, Plaintiff sustained a gash on his knee which required medical treatment and bandaging, a deep abrasion on his face, his leg was swollen and he was unable to walk properly for weeks, and was unable to work for months, he also had bruises and welts all over his body from the beating he received and was in serious physical pain for weeks, and while in the Boat (Rikers Island), because of the extent of his injuries, he was stripped and photographs were taken of the welts and bruises on his body so that Officers and/or inmates at Rikers Island would not be accused of causing those injuries and the individual Defendants are therefore liable to the Plaintiff for the excessive force they subjected him to as well as the consequential damages that arose from same.

## AS FOR THE FIFTH CAUSE OF ACTION

43. Plaintiff repeats and re-alleges paragraphs 1 through 42 of the Complaint as if each paragraph is repeated verbatim herein.

44. Defendants while acting under the color of law in violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures falsely arrested the Plaintiff without probable cause to believe that he had committed any crime. The police officers with the intention to confine the Plaintiff, to Plaintiff's awareness, and without his consent, subjected the plaintiff to an unprivileged confinement.

45. The acts, conduct and behavior of defendants, and each of them, were performed knowingly, intentionally, and maliciously by reason of which Plaintiff is entitled to an award of

punitive damages.

## AS FOR THE SIXTH CAUSE OF ACTION

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 of the Complaint as if each paragraph is repeated verbatim herein.

47. The individual Defendants while acting under the color of law in violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures in the arrest and imprisonment of the Plaintiff, use of excessive force, and malicious prosecution of the Plaintiff, failed to intervene and prevent each other and the others from falsely arresting Plaintiff, subjecting Plaintiff to excessive force, and/or maliciously prosecuting Plaintiff and are each individually liable to the Plaintiff, jointly and severally, for the violations of Plaintiff's constitutional rights described above and all consequential damages Plaintiff has suffered and would continue to suffer as a result.

48. The acts, conduct and behavior of the individual Defendants, and each of them, were performed knowingly, intentionally, and maliciously by reason of which Plaintiff is entitled to an award of punitive damages against each Defendant.

## AS TO THE SEVENTH CAUSE OF ACTION

49. Plaintiff repeats and re-alleges paragraphs 1 through 48 of the Complaint as if each paragraph is repeated verbatim herein.

50. The individual police officers were acting as agents of the City of New York when they falsely arrested, maliciously prosecuted, used excessive force in the course of arresting Plaintiff by assaulting and battering him and the assault and battery, arrest and prosecution were not privileged. The City is responsible in damages to the plaintiff for the Police Officers actions

under *respondeat superior* and principal-agent relationship principles.

**WHEREFORE**, Plaintiff prays the Court for judgement as follows:

**For each of the constitutional and statutory violations herein above complained of:**

i. general and compensatory damages in an amount that would adequately compensate Plaintiff RASHEEN SMITH for the violation of his rights and for his physical, emotional, and mental distress in the amount to be proved at trial and in accordance with proof - against all Defendants, jointly and severally;

ii. Specific damages in back wages in the amount of $49,440.00 sustained as of the date of filing this suit, jointly and severally;

iii. Back wages and front wages in the amount to be proved at trial and in accordance with proof, jointly and severally;

iv. Punitive damages in an amount sufficient to punish the individual Police Defendants and deter others like them from repeating such unlawful conduct against the individual Defendants, jointly and severally;

v. attorneys' fees and the costs and disbursements of this action-against all Defendants, jointly and severally; and

vi. Such other relief as the court deems just and proper.

**For each of the common law and statutory violations hereinabove complained of:**

i. general and compensatory damages in an amount that would adequately compensate Plaintiff RASHEEN SMITH for the violation of his rights and for his physical, emotional, and mental distress in the amount to be proved at trial and in accordance with proof - against all Defendants, jointly and severally;

ii. Specific damages in back wages in the amount of $49,440.00 sustained as of the date of filing this suit, against all Defendants, jointly and severally;

iii. Back wages and front wages in the amount to be proved at trial and in accordance with proof, jointly and severally against all Defendants;

iv. Punitive damages in an amount sufficient to punish the individual Police Defendants and deter others like them from repeating such unlawful conduct against them individually, jointly and severally;

v. Costs and disbursements of this action - against all Defendants, jointly and severally; and

vi. Such other relief as the court deems just and proper.

Dated: Brooklyn, New York
      June 6, 2018

OFODILE & ASSOCIATES

By: _____
Anthony C. Ofodile
498 Atlantic Avenue
Brooklyn, New York 11217
Tel.: 718-852-8300
Fax: 718-852-7361
ACOfodile@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

RASHEEN SMITH,                                              Civil Case No.:

                                    Plaintiff,

    -against-


THE CITY OF NEW YORK, POLICE OFFICER DANIEL
ALEXIS, SHIELD NO. 161, POLICE OFFICER
FERNANDO AVALOS, SHIELD NO. 19429,
and POLICE OFFICERS JOHN DOES 1-5

                        Defendants.
-------------------------------------------------------------------------x



x------------------------------------------------------------------------------------------------------------------------x

# COMPLAINT

x------------------------------------------------------------------------------------------------------------------------x



x----------------------------------------------------------------------------------------------------------------------x
  Signature (Rule 130-1.1-a)
x----------------------------------------------------------------------------------------------------------------------x


Dated: Brooklyn, New York
       June 6, 2018


OFODILE & ASSOCIATES
Attorneys for Plaintiff
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300

14